**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DENNIS WEDEKIND, JR.,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Civil Action No. SAG-24-1065** |
| **MCDONOGH SCHOOL, INC.,** | * | |
| **Defendant.** | * | |

| | | |
|---|---|---|
| **LEVI B. MILLER, IV,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Civil Action No. SAG-25-795** |
| **MCDONOGH SCHOOL, INC.,** | * | |
| **Defendant.** | * | |

**MEMORANDUM OPINION**

Plaintiffs initiated the above-captioned related civil actions against Defendant McDonogh School, Inc. (McDonogh) in which they assert negligence claims based on McDonogh's alleged failure to protect Plaintiffs from sexual abuse.  ECF No. 1 (SAG-24-1065; SAG-25-795).  The Honorable Stephanie A. Gallagher referred these cases to the undersigned for discovery and all related scheduling pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 (Dec. 1, 2025 D. Md.).  ECF Nos. 18 (SAG-24-1065); 17 (SAG-25-795).  Pending before the Court are McDonogh's motions to exclude Plaintiffs' expert Billie-Jo Grant, Ph.D., M.Ed., in each of the above-captioned cases.  ECF Nos. 92 (SAG-24-1065); 100 (SAG-25-795).  The motions are fully briefed.  ECF Nos. 92, 95–96 (SAG-24-1065); 100, 103–104 (SAG-25-795).  No hearing is necessary.  Local Rule 105.6.  For the reasons set forth below, the motions are denied.

## I.    BACKGROUND

McDonogh is a private, coed pre-K to 12th grade school in Owings Mills, Maryland.[1] ECF No. 1 ¶ 3 (SAG-24-1065; SAG-25-795).  Plaintiffs are residents of Pennsylvania (ECF No. 1 ¶ 2 (SAG-24-1065)) and Virginia (ECF No. 1 ¶ 2 (SAG-25-795)).  Dennis Wedekind, Jr., alleges that Mr. Levy, McDonogh's faculty member, sexually abused him while Mr. Wedekind was a high school boarding student from 1980 to 1984.  ECF No. 1 ¶¶ 1, 5–7 (SAG-24-1065).  Levi B. Miller, IV alleges that McDonogh Dean of Students Alvin J. Levy sexually abused him from 1966 to 1970, beginning when Mr. Miller was a fifth-grade boarding student.  ECF No. 1 ¶¶ 1, 5, 12, 15 (SAG-25-795).  Plaintiffs further aver that McDonogh knew of Mr. Levy's misconduct before they enrolled in the school.  ECF Nos. 1 ¶¶ 1, 6–7, 12 (SAG-24-1065); 1 ¶¶ 1, 14, 18 (SAG-25-795).  Plaintiffs each assert a single negligence claim based on McDonogh's alleged breach of its duty of reasonable care by failing to protect Plaintiffs from sexual abuse, which resulted in physical, emotional, and psychological injuries to Plaintiffs.  ECF Nos. 1 ¶¶ 27–30 (SAG-24-1065); 1 ¶¶ 30–34 (SAG-25-795).

In Mr. Wedekind's case, the initial Scheduling Order set May 19, 2025, and July 2, 2025, as the deadlines for his initial and rebuttal expert disclosures, respectively.  ECF No. 11 (SAG-24-1065).  Mr. Wedekind's rebuttal expert disclosure deadline was subsequently modified four times to May 7, 2026.  ECF Nos. 13, 17, 37, 79 (SAG-24-1065).  The parties agreed to a further extension of this deadline to May 29, 2026, but did not seek the agreed-upon extension from the Court.  ECF No. 92-7 at 3–4 (SAG-24-1065).[2]  McDonogh's expert disclosure deadline was

---

[1]  The pertinent factual allegations outlined in this section, which are contested, are drawn from the Complaints and are offered only to contextualize the disputed issues in the pending motions.  ECF No. 1 (SAG-24-1065; SAG-25-795).

[2]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document, except that references to the hearing transcript include both the transcript page and line numbers.

initially set for June 18, 2025, and subsequently extended four times to April 23, 2026.  ECF

Nos. 13, 17, 37, 79 (SAG-24-1065).  Discovery was initially set to close on August 4, 2025, and

was subsequently extended four times to August 31, 2026.  ECF Nos. 13, 17, 37, 91 (SAG-24-

1065).

In Mr. Miller's case, the initial Scheduling Order set June 9, 2025, and July 22, 2025, as

the deadlines for his initial and rebuttal disclosures, respectively.  ECF No. 7 (SAG-25-795).

Mr. Miller's expert disclosure deadline was subsequently extended to July 23, 2025, and his

rebuttal expert disclosure deadline was extended three times to May 11, 2026.  ECF Nos. 9, 16,

46 (SAG-25-795).  McDonogh's expert disclosure deadline was initially set for July 8, 2025, and

subsequently extended three times to April 23, 2026.  ECF Nos. 7, 9, 16, 46 (SAG-25-795).

Discovery was initially set to close on August 22, 2025, and the deadline for discovery was

subsequently extended four times to August 31, 2026.  ECF Nos. 7, 9, 16, 46, 99 (SAG-25-795).

On August 20, 2025, Mr. Miller moved to compel the production of certain discovery,

including an investigative report concerning alleged sexual abuse at McDonogh, witness

statements, and the identities of witnesses.  ECF No. 12 (SAG-25-795).  Mr. Miller subsequently

withdrew that motion, and on October 24, 2025, he, Mr. Wedekind, and two other plaintiffs in

related cases filed an omnibus motion in four cases seeking identical relief.[3]  ECF Nos. 23 (SAG-

24-1065); 30 (SAG-25-795).[4]  That same day, McDonogh and the entity that produced the

contested investigative report moved for a protective order or to quash a non-party subpoena.

ECF Nos. 27 (SAG-24-1065); 33, 35 (SAG-25-795).  Following additional briefing on the issue

---

[3]  There are five other related cases pending in this Court: *Helliwell* v. *McDonogh School, Inc.*, SAG-24-1580; *Doe* v. *McDonogh School, Inc.*, SAG-25-1551; *Doe* v. *McDonogh School, Inc.*, SAG-25-1552; *Doe* v. *McDonogh School, Inc., et al.*, SAG-26-1608; *Doe* v. *McDonogh School, Inc., et al.*, SAG-26-1730.

[4]  For ease of reference, the undersigned cites only to the filings of the two cases at issue here rather than all four cases involved in the omnibus motion to compel and related motions.

of sealing certain filings related to these motions, review of documents *in camera*, and a motions hearing, the undersigned granted in part and denied in part the motions on January 9, 2026.  ECF Nos. 44, 51, 54, 57–58,  (SAG-24-1065); 53, 61, 64, 67–68 (SAG-25-795).  McDonogh subsequently filed objections pursuant to Federal Rule of Civil Procedure 72(a), which, on February 27, 2026, Judge Gallagher overruled, other than to permit additional redactions.  ECF Nos. 64–66, 81 (SAG-24-1065); 75–77, 89 (SAG-25-795).

On July 16, 2025, counsel for Mr. Wedekind and Mr. Miller indicated via email to opposing counsel that Plaintiffs "chose to not disclose" a standard-of-care expert.  ECF Nos. 92-4 at 2 (SAG-24-1065); 100-4 at 2 (SAG-25-795).  Nevertheless, at the December 12, 2025 motion hearing, Plaintiffs' counsel indicated that his clients may seek an extension of the expert disclosure deadline due to the pending discovery dispute and attendant delays in the production of discovery.  ECF Nos. 67-1 at 146:2–9 (SAG-24-1065); 78-1 at 146:2–9 (SAG-25-795). Ultimately, Mr. Wedekind and Mr. Miller sought extension only of the deadline for their rebuttal expert disclosures.  ECF Nos. 79 (SAG-24-1065); 99 (SAG-25-795).

On April 23, 2026, McDonogh disclosed David Wolowitz, J.D., and Elizabeth L. Jeglic, Ph.D., as expert witnesses it may call at trial.  ECF Nos. 92-6 at 3–4 (SAG-24-1065); 100-6 at 3–4 (SAG-25-795).  The reports of Mr. Wolowitz and Dr. Jeglic address historical standards of care.  Wolowitz Report (Wedekind) at 11–27; Wolowitz Report (Miller) at 10–29; Jeglic Report (Wedekind) at 2–8; Jeglic Report (Miller) at 2–8.

On May 29, 2026, Mr. Wedekind and Mr. Miller disclosed Billie-Jo Grant, Ph.D., M.Ed., as an expert witness they may call as a witness at trial.  ECF Nos. 92-5 at 3–6 (SAG-24-1065); 100-5 at 3–6 (SAG-25-795).  The expert disclosure outlined that Dr. Grant "will offer opinions and rebut defendants' experts and provide testimony regarding the standard of care for preventing, detecting, investigating, and reporting sexual abuse in K-12 schools at the time of

4

Plaintiff[s'] abuse in these areas relevant to this case to a reasonable degree of professional certainty." ECF Nos. 92-5 at 4 (SAG-24-1065); 100-5 at 4 (SAG-25-795). The disclosure further indicated that "Dr. Grant will testify [] contrary to defendant's experts' opinions" on a variety of identified topics. ECF Nos. 92-5 at 5 (SAG-24-1065); 100-5 at 5 (SAG-25-795). Dr. Grant's report addresses "the standard of care for the prevention of the sexual abuse and harassment of students from 1966-2013." Grant Report at 16. In her report, Dr. Grant outlines opinions regarding the sufficiency of McDonogh's policies and procedures, training, investigations, monitoring, responses to allegations of sexual abuse, as well as its notice of inappropriate and concerning behavior by employees during the relevant timeframe. *Id.* at 30–31. Her report also includes a section that responds to the expert opinions of Mr. Wolowitz and Dr. Jeglic. *Id.* at 76–82.

## II.    DISCUSSION

Federal Rule of Civil Procedure 26(a)(2)(A) requires that each party disclose expert witnesses it may call to testify at trial. Subsections (B) and (C), in turn, identify what must be disclosed. If an expert witness is "retained or specially employed to provide expert testimony," the expert "disclosure must be accompanied by a written report--prepared and signed by the witness--" that outlines, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i); *see also* Fed. R. Civ. P. 26(a)(2)(B)(ii)-(vi) (outlining the other required disclosures for a retained expert). Federal Rule of Civil Procedure 37(c) "gives teeth" to the Rule 26(a)(2) disclosure requirements. *E.g.*, *Perkins* v. *Sandy Spring Builders, LLC*, Civil Action No. DKC 23-1823, 2026 WL 696538, at *17 (D. Md. Mar. 12, 2026). In pertinent part, this rule provides that when "a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was

5

substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The determination of whether the failure to disclose was substantially justified or is harmless is guided by five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack And Fixture, Inc.* v. *Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). "The first four factors . . . relate primarily to the harmlessness exception, while the last factor, addressing the party's explanation for its nondisclosure, relates mainly to the substantial justification exception." *Bresler* v. *Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017). "The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless." *Id*.

Here, the parties dispute whether there was surprise to McDonogh. McDonogh points to Plaintiffs' July 16, 2025 representation that they would not designate an expert, their failure to seek extension of their expert disclosure deadline, and the length of time between Plaintiffs' disclosure deadline and their expert disclosure. ECF Nos. 92 -1 at 6–7, 12 (SAG-24-1065); 100-1 at 6–7, 12 (SAG-25-795). Mr. Wedekind and Mr. Miller contend that their counsel "explicitly stated in open court that the production of [disputed discovery] materials may require re-opening expert discovery," and that McDonogh's discovery productions remain incomplete. ECF Nos. 95 at 4 (SAG-24-1065); 103 at 4 (SAG-25-795). Plaintiffs further argue that Dr. Grant was disclosed before the rebuttal expert deadline and that her "opinions directly rebut and contradict . . . defense opinions."[5] ECF Nos. 95 at 4–5 (SAG-24-1065); 103 at 4–5 (SAG-25-795). Finally, Mr. Wedekind and Mr. Miller note that McDonogh disclosed a new expert witness "while this

---

[5] As noted, the parties agreed to extend Plaintiffs' rebuttal deadline to May 29, 2026, but did not seek approval from the Court for extension of that deadline. ECF Nos. 92-7 at 3–4 (SAG-24-1065); 100-7 at 3–4 (SAG-25-795).

motion was pending and nearly three months after defendant's expert discovery deadline." ECF Nos. 95 at 6 (SAG-24-1065); 103 at 6 (SAG-25-795). Based on the competing arguments, the undersigned finds that this factor lies in equipoise.

Importantly, any surprise that may exist can be cured. Dr. Grant was designated as Plaintiffs' expert after the governing deadlines, but before the close of discovery. Indeed, at the time of the disclosure (May 29, 2026) and the filing of the instant motion (June 22, 2026) several months remained before the deadline for discovery (August 31, 2026).[6] McDonogh elected to seek exclusion of Dr. Grant's testimony rather than utilize the remaining period of discovery to depose her or designate a counter-expert. Nevertheless, four weeks remain before discovery closes. Should that be an insufficient period of time to undertake discovery to cure any surprise, the Court will authorize a modest extension of the discovery deadline. Any such extension will not impact the trial date, as it has not yet been set.

The parties agree that the evidence to be offered by Dr. Grant is important. Indeed, McDonogh acknowledges that Dr. Grant's opinion evidence relates directly to "whether Defendant breached the standard of care, which is a central issue in the case." ECF Nos. 92-1 at 13 (SAG-24-1065); 100-1 at 13 (SAG-25-795). The importance of the contested evidence counsels against exclusion. *E.g.*, *Wiseman* v. *Walmart Stores, Inc.*, Civil Action No. SAG-16-4030, 2017 WL 2865013, at *3 (D. Md. July 5, 2017) ("Nevertheless, considering the importance of the evidence, a complete exclusion of Plaintiff's expert witness testimony would severely harm Plaintiff's case and is excessive, given that Plaintiff's error can largely be cured without such drastic measures.").

---

[6] At the parties' joint request, the briefing schedule of the instant motion was extended such that the motion was not fully briefed until July 31, 2026. ECF Nos. 93–94 (SAG-24-1065); 101–102 (SAG-25-795).

As to McDonogh's equity argument that Mr. Wedekind and Mr. Miller improperly got a "first peek" at its expert report (ECF Nos. 92-1 at 6 (SAG-24-1065); 100-1 at 6 (SAG-25-795), the undersigned notes that Dr. Grant's report both opines on the applicable standards of care and rebuts the opinions of McDonogh's experts, who, in essence, opine that the contemporary standard of care did not exist at the time of Plaintiffs' alleged abuse.  Wolowitz Report (Wedekind) at 1; Wolowitz Report (Miller) at 1; Jeglic Report (Wedekind) at 8; Jeglic Report (Miller) at 8.  It is far from clear that Plaintiffs gained any tactical advantage by the late disclosure of their standard-of-care expert, particularly when assessed against the backdrop of the disputed production of documents that lay at the heart of discovery in this case and resulted in a rolling production that was not complete until March 2026.  Indeed, Mr. Wedekind and Mr. Miller attribute the delay in their expert disclosure to "the history of drawn-out productions" and "disparity of information and time available," arguing that they "could not possibly have designated a liability expert" with the initial discovery McDonogh provided.  ECF Nos. 95 at 10 (SAG-24-1065); 103 at 10 (SAG-25-795).

Analysis of the applicable factors reveals that Plaintiffs' tardy expert disclosure is both harmless and substantially justified.  Dr. Grant's evidence will therefore not be excluded.[7]  As

---

[7] In its reply memorandum, McDonogh asserts that Plaintiffs have characterized Billie-Jo Grant, Ph.D., M.Ed., exclusively as a rebuttal expert and they should therefore be allowed to offer her expert evidence only in their rebuttal cases.  ECF Nos. 96 at 1–4 (SAG-24-1065); 104 at 1–4 (SAG-25-795).  The undersigned does not read Plaintiffs' opposition—or, perhaps more importantly, Dr. Grant's report—so narrowly.  *See*, *e.g.*, ECF Nos. 95 at 3 (SAG-24-1065); 103 at 3 (SAG-25-795) (arguing that "this liability expert is important for plaintiffs' case, and excluding Dr. Grant could have a debilitating effect").  Dr. Grant's report discusses her opinion as to the applicable standard of care, whether McDonogh adhered to that standard, and then directly responds to the opinions of McDonogh's standard-of-care experts.  All parties have acknowledged that Dr. Grant's report is hybrid in nature, encompassing both affirmative and rebuttal opinions.  ECF Nos. 92-1 at 11 (SAG-24-1065); 100-1 at 11 (SAG-25-795) ("[T]he Grant Report is, primarily, an affirmative expert report rather than a pure rebuttal report."); 95 at 2; 103 at 2 ("Even if elements of the report cross the line of what is properly included in a rebuttal report, exclusion is not the proper remedy.").  Plaintiffs' argument that Dr. Grant is a timely disclosed rebuttal expert is one of several arguments they advance in opposition to

this Court has observed previously, providing an opportunity to cure, as opposed to exclusion of the witness, is the "more appropriate—and far more common response." *Hines* v. *Spath*, Civil Action No. AAQ-23-2815, 2025 WL 1685659, at *7 (D. Md. June 16, 2025); *see also Schrof* v. *Clean Earth, Inc.*, Civil Action No. CDA-22-1533, 2026 WL 468539, at *7 (D. Md. Feb. 19, 2026) ("Often, courts provide an opportunity to cure by extending or re-opening discovery to address a late or otherwise improper expert disclosure."); *Ness* v. *Marcelin*, Civil Action No. DRM-25-2667, 2026 WL 183541, at *3 (D. Md. Jan. 23, 2026) ("Courts in this District routinely rely on modest extensions of the schedule to mitigate the impact of untimely expert disclosures.") (collecting cases).

## III.  CONCLUSION

For the foregoing reasons, McDonogh's motions are denied.  A separate Order follows.

Date:  August 3, 2026                                   /s/
                                                        Erin Aslan
                                                        United States Magistrate Judge

---

McDonogh's motion.  ECF Nos. 95 at 11–12 (SAG-24-1065); 103 at 11–12 (SAG-25-795).  The undersigned declines to cabin the testimony of an expert whose evidence, as McDonogh acknowledges, bears on "a central issue in the case," to Plaintiffs' rebuttal cases based solely on an alternative argument in opposition to the instant motions.  ECF Nos. 92-1 at 13 (SAG-24-1065); 100-1 at 13 (SAG-25-795).